IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON


VANCE L. WEIGE,

        Petitioner,                              3:11-cv-6092-MO

    v.                                             OPINION AND ORDER

JEFFERY THOMAS,

        Respondent.


    VANCE L. WEIGE
    #69889-065
    Federal Correctional Institution
    P.O. Box 5000
    Sheridan, OR  97378

        *Pro Se* Petitioner


    S. AMANDA MARSHALL
    United States Attorney
    RONALD K. SILVER
    Assistant United States Attorney
    1000 SW Third Avenue, Suite 600
    Portland, OR  97204-2902

        Attorneys for Respondent


1 - OPINION AND ORDER

Mosman, District Judge.

Petitioner, an inmate at the Federal Correctional Institution, Sheridan, Oregon, brings this action pursuant to 28 U.S.C. § 2241. Petitioner is *pro se* and, accordingly, the Court construes his pleadings liberally. *See Estelle v. Gamble*, 429 U.S. 97, 106 (1976)(courts construe *pro se* pleadings liberally); *Porter v. Ollison*, 620 F.3d 952 (9th Cir. 2010)(prisoner pro se pleadings are given the benefit of being liberally construed).

Petitioner alleges he has unlawfully been denied eligibility for the early release incentive associated with the Bureau of Prisons ("BOP") Residential Drug Abuse Program ("RDAP"). He argues the 2009 regulations governing RDAP have an impermissible retroactive effect and violate the Administrative Procedures Act ("APA"). Petitioner asks the Court to declare the BOP's RDAP early release incentive policies and his ineligibility designation unlawful, and grant habeas relief. Because the Court finds the regulations and internal agency guidelines under which Petitioner was denied early release are lawful and were lawfully applied, the Petition for Writ of Habeas Corpus (#1) is DENIED.

## BACKGROUND

I.  Statutory Background

In 18 U.S.C. §§ 3621-3625, Congress vested the BOP with broad authority to manage the imprisonment of a convicted person, and specified "[t]he Bureau shall make available appropriate substance abuse treatment for each prisoner the Bureau determines has a

2 - OPINION AND ORDER

treatable condition of substance addiction or abuse." 18 U.S.C. § 3621(b). In § 3621(e), Congress articulated a specific statutory mandate for residential substance abuse treatment programs for eligible prisoners. The program the BOP created to satisfy this mandate is the Residential Drug Abuse Program ("RDAP").

When Congress enacted the Violent Crime Control Law Enforcement Act of 1994, 18 U.S.C. § 3621 was amended to include a discretionary early release incentive for inmates convicted of nonviolent offenses who successfully completed RDAP. *See* 18 U.S.C. § 3621(e)(2).[1] Beginning in 1995, exercising its broad discretion under the statute, the BOP promulgated a series of implementing regulations and internal agency guidelines for administering the early release incentive under 3621(e)(2). The regulations and guidelines exclude certain categories of inmates from early release eligibility. *See* 28 C.F.R. §§ 550.55(b) (2009). The substantive and procedural validity of these categorical exclusions have been challenged in court repeatedly. The substantive validity of the regulations -- that is, the BOP's authority under the statute to

---

[1] Section 3621(e)(2) specifies in relevant part:
(A) Generally. Any prisoner who, in the judgment of the Director of the [BOP], has successfully completed a program of residential substance abuse treatment provided under paragraph (1) of this subsection, shall remain in the custody of the [BOP] under such conditions as the Bureau deems appropriate. *****
(B) Period of Custody. The period a prisoner convicted of a nonviolent offense remains in custody after successfully completing a treatment program may be reduced by the [BOP], but such reduction may not be more than one year from the term the prisoner must otherwise serve.

3 - OPINION AND ORDER

exclude categories of inmates from early release eligibility -- is now well established. *See Lopez v. Davis*, 531 U.S. 230 (2001)(the categorical exclusion of certain inmates from early release eligibility was a proper exercise of the BOP's discretion under the statute); *Bowen v. Hood*, 202 F.3d 1211 (9th Cir. 2000) (same, upholding 28 C.F.R. § 550.58(a)(1)(vi)(B));[2] *Jacks v. Crabtree*, 114 F.3d 983, 984-86 (9th Cir. 1997) (BOP has discretion under the statute to issue regulations categorically denying early release). The procedural validity of the regulations, however, continues to be challenged.[3]

Section 553 of the APA outlines notice and comment requirements for issuing agency regulations.[4] Section 706(2)(A) of the APA specifies a "reviewing court shall hold unlawful and set aside agency action, findings, and conclusions found to be arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law." The Ninth Circuit has invalidated several

---

[2] 28 C.F.R. § 550.58(a)(1)(vi)(B)(2000)(disqualifying inmates with offenses that involved the carrying, possession, or use of a firearm or other dangerous weapon or explosives) was re-codified as 28 C.F.R. § 550.55(b)(5)(ii)(2009).

[3] In *Lopez*, the Supreme Court did not address the procedural validity of the categorical exclusions under the APA. 531 U.S. at 244 n.6.

[4] Under the APA, agencies issuing rules must: (1) publish notice of the proposed rule-making in the Federal Register; (2) provide a period of comment on the proposed rule and consider comments submitted during the period before adopting the rule; and (3) publish the adopted rule not less than thirty days before its effective date. 5 U.S.C. § 553(b)-(d).

versions of the BOP regulations implementing the early release incentive on a procedural basis under either § 553 or § 706(2)(A) of the APA.  *See Paulsen v. Daniels*, 413 F.3d 999, 1005 (9th Cir. 2005) (1997 interim rule invalid because BOP violated notice and comment requirements of § 553);  *Arrington v. Daniels*, 516 F.3d 1106, 1113 (9th Cir. 2008) (invalidating 2000 regulation because "the administrative record contains no rationale explaining the [BOP's] decision to categorically exclude prisoners with convictions involving firearms").

The BOP issued the current regulations ("2009 regulations") effective March 16, 2009.[5]  In doing so, the BOP relied on the discretion of the Director under the governing statute, as recognized in *Lopez,* to exclude certain categories of inmates from early release eligibility.  In challenges to the procedural validity of the current regulations under the APA, this Court has upheld the validity of the 2009 regulations.  *See e.g. Peck v. Thomas*, 787 F.Supp.2d 1145 (D.Or., March 30, 2011)(upholding § 550.55 (b)(5)); *Moon v. Thomas*, 787 F.Supp.2d 1154 (D.Or., April 1, 2011)(upholding § 550.55 (b)(4)& (b)(5)); *Ruby v. Thomas*, 2011 WL 1549205 (D.Or., April 21, 2011)(upholding Program Statement rule that RDAP eligibility interviews are to be held ordinarily no less

---

[5]In one action, the 2009 Rule finalized three proposed rules, issued in 2000, 2004, and 2006.  74 FR 1892-01, 2009 WL 76657 (January 14, 2009.)

5 - OPINION AND ORDER

than 24 months from release); *Fiscus v. Thomas*, 2011 WL 2174025 (D.Or., May 31, 2011)(upholding sliding scale sentence reduction).

The BOP applies the 2009 regulations and accompanying Program Statements to inmates who were interviewed for RDAP and found eligible to participate -- by the BOP -- after March 16, 2009, the effective date of the regulations. *See Mora-Meraz v. Thomas*, 601 F.3d 933, 936 n.4 (9th Cir. 2010) (drug abuse program rules are prospective in nature, *citing Bowen*, 202 F.3d at 1220-21 and *Cort v. Crabtree*, 113 F.3d 1081, 1085 (9th Cir. 1997)).

II. Procedures for Participating in RDAP

The authority to administer RDAP and other treatment programs is delegated to the BOP. *See* 18 U.S.C. § 3621(b), (e), and (f). The BOP has plenary control, subject to statutory constraints, over inmate participation in treatment programs. *Tapia v. United States*, 131 S.Ct. 2382, 2391 ("A sentencing court can *recommend* ... but decision making authority rests with the BOP.")

The 2009 implementing regulations and the preceding regulations, promulgated in 2000, specify that to participate in RDAP an inmate: (1) may be referred by unit team or drug treatment staff, or (2) may apply for the program by submitting a request to staff, "ordinarily a member of the unit team or the Drug Abuse Program Coordinator." 28 C.F.R. § 550.53(c)(2009); 28 C.F.R. § 550.56(b)(2000). Both the 2000 and 2009 regulations also specify that it is the Drug Abuse Program Coordinator who makes the final

6 - OPINION AND ORDER

determination, based on admission criteria, regarding an inmate's participation in RDAP. *See* 28 C.F.R. § 550.53(e)(2009); § 550.56(b)(2000).

Internal agency guidelines specify that a staff referral for participation in RDAP, or an inmate's application for participation, leads to screening for documentation verifying a substance abuse problem. *See* Program Statement P5330.11, 2.5.8-RDAP Program Admission (2009). Inmates who pass screening are then referred for a clinical interview with the Drug Abuse Program Coordinator, who will make a determination as to whether the inmate is eligible to be placed in RDAP.[6] *Id.* at 2.5.9.[7]

Pursuant to 18 U.S.C. § 3621(e)(2), the BOP may grant up to one year of early release incentive to inmates convicted of a non-violent offense following the successful completion of RDAP. Criteria for early release and procedures to determine eligibility are outlined in Program Statement P5331.02 (3/16/2009). Early release eligibility determinations are made by legal staff at the

---

[6]The preceding Program Statement, issued in 1997, described similar procedures for the determination of RDAP eligibility. *See* P5330.10, Chpt. 2, 2.3.1 (1997).

[7]<u>2.5.9 The Clinical Interview</u>. § 550.53(e) *Placement in RDAP*. The Drug Abuse Program Coordinator decides whether to place inmates in RDAP based on the criteria set forth in paragraph (b) of this section.
<u>If verifying documentation is found or produced, and only then, inmates who volunteer for the RDAP will be personally interviewed by the DAPC. Interviews will be conducted based on the inmate's proximity to release, ordinarily no less than 24 months from release</u>. * * *

7 - OPINION AND ORDER

BOP's centralized Designation and Sentence Computation Center ("DSCC") after inmates are designated eligible for RDAP and the Drug Abuse Program Coordinator submits a Request for § 3621(e) Review to the DSCC. Section 3621(e) review includes a review of both current conviction offense(s) and prior conviction offense(s). Program Statement P5331.02, pp. 1, 5-7.

II.  Statement of the Case

On September 23, 2008, pursuant to a plea agreement, Petitioner entered a plea of guilty, in U.S. District Court for the District of Oregon, to one count of possession with intent to distribute 288.2 grams of methamphetamine in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(B)(viii). (#12, Attach. 1 at 8-14.) Pursuant to the plea agreement, the parties stipulated that Petitioner was in possession of four firearms during the commission of the offense and that he was thus subject to a four-level increase in his base offense level under the federal sentencing guidelines. (*Id*. at 14.) On January 14, 2009, Petitioner was sentenced to 60 months imprisonment, which included a 2-point sentencing enhancement for firearms possession. (#12, Attach. 4, at 1-2; #39, at 11.) Petitioner was ordered to surrender for service of his sentence before 2 p.m. March 16, 2009. (*Id*.) The sentencing court recommended Petitioner be designated to FCI Sheridan (Sheridan), in Oregon, and afforded drug treatment pursuant to 18 U.S.C. § 3621. (*Id*.)

8 - OPINION AND ORDER

BOP records show Petitioner was admitted to an in-transit facility on February 13, 2009; was in holdover status at Sheridan from April 16 to April 21, 2009; and was formally designated to Sheridan on April 21, 2009.  (#12, Attach. 7.)  An intake form completed April 23, 2009, shows that both the non-residential and residential drug treatment program options available at Sheridan were recommended, and that Petitioner expressed interest in both. (#12, Attach. 8.)  The description of RDAP on the intake form specifies inmates will be interviewed for RDAP when they are within 36 months of their Projected Release Date.  (*Id*.)  Petitioner's projected good conduct release date was March 5, 2013.  (#12, Attach. 6.)

Petitioner was interviewed for RDAP and put on the waitlist on July 30, 2009; he entered RDAP February 1, 2011.[8]  (#12, Attach. 9; 14.)  Petitioner was designated ineligible for the early release incentive under § 3621(e) on November 4, 2009, following the requisite offense review by legal staff at the DSCC in Texas. (#12, Attach. 10.)  The offense review specified:

> The inmate's current offense conviction: *** (2) involved the carrying, possession, or use of a firearm .... (28 C.F.R. § 550.55(b)(5)(ii))[.]
>
> Although the inmate is currently located in a 9th Circuit institution, he did not request a clinical interview prior to 3/16/2009.  Therefore, the <u>Arrington</u> decision

---

[8]Petitioner successfully completed the unit-based component of RDAP October 31, 2011.  (#30, at 2.)  Prior to RDAP, Petitioner completed the non-residential treatment program. (#12, Attach. 9.)

9 - OPINION AND ORDER

does not apply. As a result, the inmate is precluded from early release based on the 2 point Specific Offense Characteristic (SOC) enhancement, which the Court adopted in its Statement of Reasons. The underlying offense is Possess with Intent to Distribute Methamphetamine; 21 USC 841(a)(1) & (b)(1)(B)(viii) - precluding pursuant to regulations cited above, in addition to PS 5162.05, section 4.b.

Petitioner argues it is a retroactive application of law to apply the 2009 regulations governing RDAP in his offense review since he was sentenced before the March 16, 2009, effective date of those regulations. He further argues the 2009 regulations are unlawful under the APA, and that under the prior regulations and *Arrington* he is eligible for the early release incentive. (#39.) Petitioner asks the Court to declare that the BOP unlawfully denied him a sentence reduction available under § 3621(e) arguing: the Program Statements P5331.02 and P5330.11 were promulgated in violation of the Administrative Procedures Act; the 2009 regulations have an impermissible retroactive effect; and the BOP exceeded its statutory authority when construing and implementing § 3621(e)(2)(B). (#1, Pet. at 4; 30-31.)

## DISCUSSION

District courts do not have jurisdiction to review "any substantive decision by the BOP to admit a particular prisoner into RDAP, or to grant or deny a sentence reduction for completion of the program." *Reeb v. Thomas*, 636 F.3d 1224, 1227 (9th Cir. 2011). The Court does, however, have jurisdiction to review BOP action

alleged to be contrary to established federal law or to exceed the agency's statutory authority. *Id*. at 1228.

I.   BOP's Statutory Authority

As discussed above, Congress vested the BOP with broad authority to manage the imprisonment of a convicted person, within statutory parameters. Pursuant to § 3621(e)(2), the BOP must restrict early release eligibility to non-violent offenders. Section 3621 does not, however, preclude the BOP from imposing further restrictions on early release eligibility and disqualifying some non-violent offenders. *Lopez*, 531 U.S. at 244 (statute requires BOP limit early release to non-violent offenders, but does not restrict BOP from imposing further restrictions on eligibility); *Jacks*, 114 F.3d at 984-86 (same). Accordingly, Petitioner's argument that the BOP exceeded its statutory authority in construing and implementing § 3621(e)(2)(B) such that he is ineligible for early release due to the 2-point enhancement is without merit.

II.  Program Statement Validity

Petitioner argues that Program Statements P5331.02 and P5330.11 were promulgated in violation of the Administrative Procedures Act. So long as Program Statement provisions are not inconsistent with the associated regulations, they are valid interpretive rules not subject to the rule making requirements of the APA. *Gunderson v. Hood*, 268 F.3d 1149, 1154 (9th Cir. 2001); *see also Mora-Meraz*, 601 F.3d at 939-40 (12-month rule is an

11 - OPINION AND ORDER

interpretive rule). The BOP's Program Statements are internal agency guidelines, not inconsistent with the regulations, and not subject to the notice and comment requirements of the APA. *See Reeb*, 636 F.3d at 1227; *see also Reno v. Koray*, 515 U.S. 50, 61 (1995)(BOP program statements are interpretive rules); *Peck*, 787 F.Supp.2d 2245 (upholding 28 C.F.R. § 550.55(b)(5)). Thus, Petitioner's argument that the program statements violate the APA cannot stand. To the extent Petitioner argues the BOP does not follow its internal guidelines and is, therefore, acting unlawfully, the claim cannot give rise to habeas relief. *Reeb*, 636 F.3d at 1227 (noncompliance with internal agency guideline is not a violation of federal law).

III. <u>Retroactive Effect</u>

The issue remaining before the Court is whether it was lawful for the BOP to conduct Petitioner's early release eligibility determination pursuant to the 2009 regulations, or whether doing so violated the retroactivity doctrine because Petitioner was sentenced in January 2009, before the effective date of the regulations. For the reasons that follow, the Court finds the BOP did not exceed its statutory authority or violate the retroactivity doctrine in applying the 2009 regulations to Petitioner's eligibility determination and, therefore, habeas relief is not warranted.

/ / /

A.  <u>Retroactivity Doctrine</u>

The retroactivity doctrine conveys the long-standing presumption against the retroactive application of laws when such an application would "tak[e] away or impai[r] vested rights acquired under existing laws, or creat[e] a new obligation, impos[e] a new duty, or attac[h] a new disability, in respect to transactions or considerations already past." *Vartelas v. Holder*, ---S.Ct.---, 2012 WL 1019971 *6 (March 28, 2012)(alteration in original)(quoting *Society for Propagation of Gospel v. Wheeler*, 22 F.Cas. 756, 767 (No. 13, 156)(CCNH 1814), Story, J.)  Unless expressly conveyed by Congress, rule-making authority is generally understood not to encompass the promulgation of retroactive rules. *Bowen v. Georgetown Univ. Hosp.*, 488 U.s. 204, 208 (1988); *see also* 5 U.S.C. § 551(4)(rules have future effect).  BOP drug treatment program regulations and the associated program rules are considered to be prospective in nature.  *See Mora-Meraz*, 601 F.3d at 936 n.4 (*citing Bowen,* 202 F.3d at 1220-21 *and Cort*, 113 F.3d at 1085).

In evaluating whether a regulation has a retroactive effect, "[a] court must ask whether the new provision attaches new legal consequences to events completed before its enactment." *Landgraf v. USI Film Products*, 511 U.S. 244, 269-70 (1994).  In the context of RDAP-related early release, the court must ask whether an inmate has a settled expectation of receiving the discretionary benefit.

13 - OPINION AND ORDER

It is well established that there is no constitutional or inherent right of a convicted person to be conditionally released before the expiration of a valid sentence. *Greenholtz v. Inmates of Neb. Penal and Correctional Complex*, 442 U.S. 1, 7 (1979). It is also well established that inmates do not have a protected liberty interest in the RDAP-associated discretionary early release benefit. *See Lopez*, 531 U.S. at 241; *Moody v. Daggett*, 429 U.S. 78, 88 n.9 (1976); *Jacks*, 114 F.3d at 986 n.4; *Downey v. Crabtree*, 100 F.3d 662, 670 (9th Cir. 1996) (statutory language of § 3621(e) "reflects unequivocal congressional intent to leave to the Bureau final decisions regarding whether to grant eligible inmates a sentence reduction. . . . Relevant legislative history also supports this conclusion.")  In the Ninth Circuit, a settled expectation and "right to consideration" for early release have been recognized for a narrow class of inmates: *those who received official notification from the BOP* that they were eligible to be considered for the early release incentive prior to the effective date of amended regulations that disqualified them. *Bowen v. Hood*, 202 F.3d 1211, 1221 (9th Cir. 2000), *cert. denied sub nom, Davis v. Hood*, 531 U.S. 111 (2001); *Cort v. Crabtree*, 113 F.3d 1081, 1085 (1997). A settled expectation has not been recognized in the absence of a formal notification of eligibility, from the BOP, prior to the effective date of a regulation, even for inmates actively participating in RDAP. *See Bowen*, 202 F.3d at 1222;

*Furguiel v. Benov*, 155 F.3d 1046 (9th Cir. 1998); *c.f. Serrato v. Clark*, 486 F.3d 560, 571 (9th Cir. 2007)(termination of boot-camp program not an impermissibly retroactive action since inmate had not received official notification of eligibility).

B.  <u>Analysis</u>

Sentencing courts may make *recommendations* for treatment programs, and the governing statute requires the BOP to provide drug treatment, subject to appropriations, to all eligible inmates. However, determining which inmates are eligible for treatment programs, including RDAP, is left to the discretion of the BOP. 18 U.S.C. §§ 3621(e)(1)(C) and (e)(5)(B); *Tapia,* 131 S.Ct. at 2390-91 (it is the BOP that decides inmate participation in treatment programs); *Downey*, 100 F.3d at 670 (citing 18 U.S.C. § 3621(b)(1988) and Second, Sixth, and Seventh Circuit law). Formal notification of RDAP eligibility, and any settled expectation arising from that notification, requires action by the BOP.

The same is true for early release eligibility. Subject to the statutory limitation in § 3621(e)(2)(B) -- that only non-violent offenders may be considered for eligibility -- the BOP is vested with the authority to determine which inmates are eligible for the discretionary early release incentive upon their successful completion of RDAP.[9]  And the BOP has the authority to impose

---

[9]Although the Ninth Circuit invalidated the 2000 regulation denying early release eligibility to a category of non-violent

15 - OPINION AND ORDER

further restrictions on early release eligibility and disqualify some non-violent offenders. *Lopez*, 531 U.S. at 244 (statute does not restrict BOP from imposing further restrictions on eligibility); *Jacks*, 114 F.3d at 984-86 (same). It follows that formal notification of early release eligibility, and any settled expectation arising from that notification, is the result of BOP action and not the sentencing court's recommendations.

The record shows Petitioner was formally designated to FCI Sheridan on April 21, 2009. (#14, Attach. 7.) During intake screening on April 23, 2009, Petitioner expressed interest in both residential and non-residential drug treatment; and he was interviewed for and put on the RDAP waitlist on July 30, 2009. (#14, Attach. 9 and 14, p.2.) Petitioner's § 3621(e) offense review was completed in November 2009. Thus, his formal RDAP eligibility notification and early release eligibility notification

---

offenders in *Arrington v. Daniels*, the court did so on procedural grounds, not because the BOP lacked the authority to deny eligibility.  516 F.3d at 1113 (BOP failed to articulate a rationale for its exclusion).  Under *Arrington*, inmates who are housed in the Ninth Circuit *and who were notified of their eligibility to participate in RDAP prior to the March 16, 2009, effective date of the current regulations, or those who had completed RDAP while housed in the Ninth Circuit prior to March 16, 2009*, have to be evaluated for the early release incentive without regard to whether the conviction offense involved the use or possession of a firearm, or sentencing included a firearm offense enhancement. If other disqualifying factors apply, ineligibility for early release is unchanged.

In *Gunderson v. Hood*, the Ninth Circuit upheld the BOP program statement that -- as an exercise of the BOP director's discretion -- disqualified inmates whose current felony offense involved the possession of ammunition.  268 F.3d at 1152-55 (upholding Program Statement P5162.04 as an interpretive rule).

16 - OPINION AND ORDER

occurred after the March 16, 2009, effective date of the 2009 regulations.

Petitioner acknowledges he did not rely on guarantees for early release but contends he relied on the sentencing court's assurances of an opportunity to participate in RDAP and to receive a sentence reduction. (#39 at 48.) He argues his sentencing date should govern which regulations apply. However, it is neither inconsistent with the statute, nor an abuse of the agency's discretion for the BOP to identify the applicable regulations and associated program statements based on the date an inmate is determined to be eligible for RDAP. *C.f. Mora-Meraz*, 601 F.3d 933 (2008 RDAP regulations and policies applied to inmate convicted in 2002). Moreover, applying the analysis used by the Ninth Circuit in *Cort* and subsequent retroactivity challenges to BOP action under newly promulgated program rules, the Court concludes there could be no settled expectation relating to RDAP, or the related early release incentive until Petitioner was formally notified he was eligible for RDAP in July 2009. Accordingly, the BOP did not violate the retroactivity doctrine when it applied the March 16, 2009, regulations in determining Petitioner's ineligibility for the early release incentive.

/ / /

/ / /

/ / /

17 - OPINION AND ORDER

## CONCLUSION

Based on the foregoing, Petitioner's Petition for Writ of Habeas Corpus (#1) is DENIED.

IT IS SO ORDERED.

DATED this __16th__ day of May, 2012.

/s/ Michael W. Mosman
Michael W. Mosman
United States District Judge

18 - OPINION AND ORDER